**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                    **Criminal Case No 2:00-cr-161**
                                        **Judge George C. Smith**
                                        **Magistrate Judge Elizabeth P. Deavers**

**CHARLES MICHAEL CASSELL,**

    **Defendant.**

## OPINION AND ORDER

This matter came before the Court on August 18, 2015 for an initial appearance on a Petition to revoke Defendant's supervised release. After conferences with Defendant's counsel, the Assistant United States Attorney, and Defendant's Probation Officer, the Court *sua sponte* determines Defendant must have a mental health examination to determine his mental competency and that this matter must be set for a competency hearing pursuant to 18 U.S.C. §§ 4241(b) and 4247(b)-(c).

**I.**     **18 U.S.C. § 4241**

Section 4241(a) requires a district court to *sua sponte* order a hearing to determine the defendant's competency if reasonable cause exists to believe that a defendant is mentally incompetent to stand trial. *United States v. Miller*, 531 F.3d 340, 348 (6th Cir. 2008) ("Title 18 U.S.C. § 4241(a) requires a district court, if reasonable cause exists to believe that a defendant is mentally incompetent to stand trial, to order *sua sponte* a hearing to determine the defendant's competency); *see also United States v. Gignac*, 301 F. App'x 471, 475 (6th Cir. 2008) (holding that due process requires a district court to *sua sponte* order a competency hearing if a reasonable judge, situated as the district court judge making the determination, would have doubt as to the defendant's

competency). Under Section 4241, the Court may order an examination and competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id*. Section 4241(b) provides that: "[p]rior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4241(b).

As recent as August 11, 2015, Defendant was examined by a pychiatrist and found to be rambling, loose, irritable and ultimately psychotic. He has a history of paranoid schizophrenia with both suicidal and homicidal ideation.

The Court concludes that "reasonable cause" under Section 4241(a) exists. Pursuant to Sections 4241(b) and 4247(b), the Court **DESIGNATES** Netcare Forensic Psychiatry Center ("Netcare") to conduct a psychiatric examination of Defendant, while he is in the custody of the U.S. Marshal. It is further **ORDERED** that the psychological examination be performed at the Franklin County Corrections Center, "Jackson Pike," where Defendant is being detained. The examination shall be conducted at the government's expense because Defendant is afforded counsel pursuant to the provisions of the Criminal Justice Act. The examiner shall prepare a report, which includes the following: Defendant's history and present symptoms; a description of the psychiatric, psychological, and medical tests that were employed and their results; the examiner's findings; and the examiner's opinions as to diagnoses, prognosis, and whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18

U.S.C. § 4247(c)(1)–(4).

The Court **ORDERS** Defendant to submit to such an examination. Pursuant to Section 4247(b) and (c), this evaluation shall occur within thirty (30) days, and shall be promptly filed with the Court, with copies provided to Defendant's counsel and the United States Attorney. If necessary and upon showing of good cause, the Director of Netcare may apply for an extension not to exceed fifteen days to observe and evaluate Defendant. *See* 18 U.S.C. § 4247.

The Court will hold a hearing to determine the mental competency of Defendant following the competency evaluation.

**IT IS SO ORDERED.**


Date: **August 20, 2015**              /s/ *Elizabeth A. Preston Deavers*
                                       **ELIZABETH A. PRESTON DEAVERS**
                                       **UNITED STATES MAGISTRATE JUDGE**